Mr. Justice Cox
delivered the opinion of the court.
In this case the plaintiff sues to recover a lot of ground from Eliza J. Tinney, who was at that time a tenant of one John Heid.
The declaration commences by describing the property as “the south sixteen feet of lot 51.” If it had stopped there, it would have been fatally ambiguous. There was evidently an omission, because there are many lots 51 in the city of Washington. It goes on, however, to say: “The said lot being more particularly described as part of lot 20 in square 51;” and it proceeds to give the boundaries, and the latter part sufficiently identifies the lot to enable a judgment to be rendered.
The summons was duly served on the 17th of March, 1886, and the defendant being in default, judgment was rendered on the 10th of April, 1886. I should state, also, that the declaration contains a count for mesne profits.
On the 10th of April the plaintiff came in, by his attorney, Mr. Mackey, and prayed judgment for possession of the property described in the declaration, with costs. He did not ask for any judgment on account of the mesne profits1. Judgment was therefore entered on the 10th of April. On the 17th of May a writ of possession was issued and was executed on the same day.
On the 8th of June, 1886, which was a month after the expiration of the January Term, and some weeks after the commencement of the succeeding term, defendant appeared, by Mr. Duvall, her attorney, and moved to set aside the judgment; and that motion was fortified by the affidavit of the defendant, in which she says that she had no notice or knowledge whatever of the judgment entered in this case until the marshal came to the premises and dispossessed her; and she further alleges that she has a full, perfect, legal and equitable defence.
The motion was also fortified by the affidavit of J ohm *343 Reid himself, who says that he, and those under whom he claims, had been in possession of this property for twenty or twenty-five years, and that he had no notice of a judgment until he was informed by the tenant that the marshal was in possession and was about to put her out; and he also says that he has a full, perfect, legal and equitable defence.
There are several counter affidavits filed, one or two of which say that, according to the defendant’s statement, she told her landlord, Mr. Reid, that suit had been brought, and handed him the writ of summons, and that he told her she need not trouble herself about it; that there was nothing in it. If this be true, it is plain that it was a mere case of laches; a default on the part of the defendant, and the landlord also.
Now, upon this motion, Mr. Justice Hagner set aside the judgment and allowed the tenant to come in and defend. It is objected that it was too late; that it was not within the power of the court to set aside the judgment after the term had expired, and after that period had expired within which, under our rules, a judgment may be set aside, and that the case of Phillips vs. Negley, 117 U. S., 665, has settled the question; that it is not within the power of the court to set aside the judgment after the term expires, except on the ground of misprision of the clerk, and we have not been able to see in this case any 'misprision on the part of the clerk.
In the first place, the judgment is not erroneous. It is such a judgment as we would have rendered in the case. It particularly ■ describes the property. There was some ambiguity in the first part of the declaration that was repaired afterwards, and the judgment is in conformity with the declaration. It is nothing against the judgment that there was no account taken of mesne profits. The plaintiff has either waived that or may come in yet and ask for that judgment. So far as it goes, the judgment is correct. The clerk has not departed from any order of the court or any rule of law. He has not entered any other judgment than such as we would have directed. Therefore, it seems to us *344 that it was an excess of the power of the court to set it aside.
The landlord, not being a party to tbe suit below, and not even participating in tbe defence, may not be estopped, and may, perhaps, bring his own suit now to recover on the strength of his own title. We are not, however, called upon to decide that question. But we do not see that the court has any power to set aside the judgment as entered, and, therefore, that action must be reversed.